Frederick D. Friedman (State Bar No. 73620)
ffriedman@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

Marc S. Carlson (State Bar No. 210592)
mscarlson@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, CA  92614
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendants
TITAN AUTO INSURANCE OF NEW
MEXICO, INC. and THI HOLDINGS
DELAWARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EASTWOOD INSURANCE SERVICES, INC., a California Corporation, EASTWOOD INSURANCE AGENCY OF TEXAS, INC., a Texas Corporation, EASTWOOD INSURANCE AGENCY OF NEVADA, INC., a Nevada Corporation, EASTWOOD INSURANCE AGENCY OF FLORIDA, INC., a Florida Corporation; and EASTWOOD INSURANCE AGENCY of ARIZONA, INC., an Arizona Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TITAN AUTO INSURANCE OF NEW MEXICO, INC., a New Mexico Corporation, THI HOLDINGS, INC., a Delaware Corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. SACV08-00788 CJC (ANx)<br><br>Honorable Cormac J. Carney, United States District Judge<br><br>Honorable Arthur Nakazato, United States Magistrate Judge<br><br>**ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

## ORDER

GOOD CAUSE APPEARING, and pursuant to the agreement of the parties and their Stipulation Regarding the [Proposed] Order Governing the Designation and Handling of Confidential Materials, the following shall be the order governing handling of confidential materials in force in this matter:

Scope. This Order shall govern the production of all materials and information during discovery in this action, by any party, including, but not limited to: responses to interrogatories, responses to request for admissions, responses to inspection demands, responses to subpoena duces tecum, and deposition testimony, including all information contained therein, and this Order also governs the production of all materials and information provided during any settlement discussions (collectively the "Discovery Materials"), which are designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," pursuant to paragraph 2 below, including all copies, excerpts, summaries, compilations and information derived from them (collectively "Confidential Materials").

1.     Confidential Designation. Any party producing Discovery Materials may designate the Discovery Materials as "CONFIDENTIAL." "CONFIDENTIAL" information includes any information which, if revealed, could place the designating party at a competitive disadvantage, and/or which the designating party in good faith regards as confidential. A designating party shall designate "CONFIDENTIAL" only information (including, but not limited to, trade secrets, research and development information, and commercial information) which the party in good faith believes is not generally known nor publicly available, and which that party generally would not disclose to third parties in absence of confidentiality understandings. Such "CONFIDENTIAL" information may include, but is not limited to: trade secrets, other confidential and proprietary technical, research, or development information, commercial, financial, budgeting and/or

accounting information, information about existing and potential customers, marketing studies, strategies, performance, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships, and any other information that is reasonably believed by the producing party to be non-public, proprietary or confidential information.  The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as "CONFIDENTIAL" any document or category of information which they in good faith believe is entitled to the designation even if it is not expressly mentioned above.

In addition, the parties shall designate as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" such CONFIDENTIAL information which a designating party in good faith believes could place it at a competitive disadvantage if disclosed to anyone other than attorneys for the parties in this action because such material contains proprietary information, commercially sensitive information, or trade secrets under applicable law.

2.    Procedure for Confidential Designation.  Any party who produces documents or computer media or gives OR elicits testimony in this action may designate information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in the following manner:

3.    Designation of Documents:  Any "document" (defined herein as including, but not limited to:  exhibits, documents and things, including prototypes and samples, responses to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party during discovery, hearings or trial in this

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

case which sets forth or contains any "CONFIDENTIAL" information (as defined above) may be designated by a party or other producing party with the notation that it is "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as appropriate.  The notation "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be placed on every page of each document so designated.  The designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL:  ATTORNEYS' EYES ONLY" pursuant to this Order shall constitute the verification of counsel of record of the designating party that at least one of them has reviewed the document or information and that the designation is in good faith judgment of counsel consistent with the terms of this Order.

        (a)     Designation of Computer Media:  Any "CONFIDENTIAL" information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" prior to production.  In the event a receiving party generates any "hard copy" or printout from any such disks, that party shall stamp each page "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

        (b)     Designation of Deposition Testimony:  Deposition testimony may be designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" before or during a deposition, and for up to ten (10) days after receipt of the transcript of that deposition.  Designation may be completed orally on the record during the deposition, or before or after a deposition by sending a letter to counsel for the other party specifying the deposition, or portion thereto and the designation to be applied.  The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "CONFIDENTIAL" or "CONFIDENTIAL:

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

ATTORNEYS' EYES ONLY" on each page of the transcript as appropriate. Pending expiration of this ten (10) day period, all parties shall treat the testimony and exhibits as if such materials had been designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

Non-parties producing documents or other materials in this action may in good faith designate documents and the information contained therein subject to this Order by typing or stamping on the front of the documents, or on the portion(s) of the documents for which confidential treatment is desired, "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS EYES ONLY."  Documents so designated by non-parties shall be subject to all of the same protections and requirements as those given to confidential documents produced by parties, as provided in this Order.

    4.   Contested Designation.

A.   A party may object to the designation of a document or material as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY."  The objection shall be in writing, shall specify the basis for the objection and shall be served on the party making the designation.  Any objection shall provide enough information to sufficiently identify the document, including, where available, the Bates Number.

(i)   Meet and confer process:  The parties will meet and confer to attempt to resolve any objection.  If the parties cannot resolve the objection within fourteen (14) days of service of the objection (or such longer period as the parties may agree), the time period within which either party must make a motion to the Court shall start upon the 14th day of the meet and confer period (or such longer meet and confer period as the parties may agree).

(ii)   Moving Party:  If an objection is served within twenty (20) days after production of the document or material, the party that designated the document or material as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

ONLY"  shall file a motion with the Court in support of the designation within twenty (20) days after the end of the meet and confer process.  If the party that designated the document or material as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY"  fails to file such a motion with the Court, the challenged document or material shall be treated as non-confidential.  If an objection is served more than twenty (20) days after the production of the document or material, the party challenging the designation shall have twenty (20) days after the end of the meet and confer process to file a motion with the Court challenging the designation.

B.      Pending resolution of any dispute concerning such designation, all parties and persons governed by this Order shall treat as confidential or confidential: attorneys eyes only all documents or information previously designated as confidential or confidential: attorneys eyes only under the terms of this Order, unless the producing party who claims that the information is confidential withdraws such designation in writing.

5.      <u>Disclosure Restrictions</u>.  "CONFIDENTIAL" materials may not be disclosed except as set forth in Paragraph 6 below.  Confidential Materials shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose.  Unless waived in writing, the restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Order.

6.      <u>Persons To Whom Confidential Material May Be Disclosed</u>. "CONFIDENTIAL" materials may be disclosed only to the following:  (a)  Counsel of record for any party to this action, including in-house counsel;  (b)  Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above; (c)  Trial and appellate court personnel for this action, and stenographic reporters and necessary support personnel of such stenographic

1  reporters retained in connection with depositions taken by any party in this

2  litigation to the extent necessary to transcribe the testimony and identify exhibits

3  marked in the course of the deposition or testimony; (d) Any consultant or expert

4  retained in connection with the prosecution or defense of this action, provided that

5  each such person first acknowledges, in writing, that he or she has read this Order

6  and agrees to be bound by its terms.  This acknowledgment shall be made by

7  execution of the Undertaking attached to this Order as Appendix A.  All such

8  written acknowledgments shall be maintained by counsel making the disclosure of

9  the Confidential Materials, and shall be provided to the opposing party's counsel at

10 the conclusion of this action; (e)  Officers, directors, employees or former

11 employees of a party, or to any officer, director, employee or former employee of a

12 parent, subsidiary or affiliate of a party, disclosure to whom counsel believes in

13 good faith is necessary to assist in the prosecution or defense of this action,

14 provided that such individual agrees to maintain the confidentiality of the

15 information disclosed in accordance with the terms of this Order by execution of

16 the attached Appendix B.

17         Materials designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY"

18 can be disclosed to those persons and entities listed in subparts (a) through (d)

19 above, and shall not be disclosed to those persons and entities described in subpart

20 (e) above unless such person authored the Confidential Materials, or previously

21 received such Confidential Materials.  With respect to disclosure to in-house

22 counsel pursuant to subpart (a) above, in-house counsel shall not use any such

23 information for any purpose other than for this action.

24         7.    Other Witnesses.  Nothing contained in this Order shall preclude any

25 party at deposition from showing any Confidential Materials or disclosing

26 information derived therefrom to any witness employed by or affiliated with the

27 party designating such materials as "CONFIDENTIAL."  Confidential Materials

28 may only be shown to a third party witness at a deposition in the presence of

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

persons who are authorized by the terms of this Order to receive the Confidential Material to be disclosed to the witness.  Materials designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" may be disclosed to third party witnesses while testifying at deposition, hearing or trial, provided that such person authored the Confidential materials or previously received such Confidential materials.

8. <u>Filing designated material</u>.  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any designated material.

A. A party who seeks to file any documents or information marked "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" with the Court ("Filing Party") shall give the party or non-party who produced the documents and designated them Confidential ("Designating Party") five (5) business days written notice, providing the Designating Party with copies of the documents or information the Filing Party intends to file.  If the Designating Party objects to the filing of such documents or information in the public record, the Designating Party shall file by the end of the five (5) business day period a written *ex parte* application for an order permitting such documents or information to be filed under seal.  Such application shall comply with Central District Local Rule 79-5.1.  If the Designating Party fails to make such an application, the documents shall not be filed under seal.  The failure to make such an application, however, shall not waive the Designating Party's claims of confidentiality. Any party has the right to oppose the *ex parte* application.

B. At the end of the five (5) business day period after the Filing Party gives the Designating Party notice and copies of the documents to be filed, the Filing Party may file its briefs and any supporting papers in accordance with the Court's order on the *ex parte* application.  In the event the Designating Party has

provided notice of its *ex parte* application or has filed its *ex parte* application but the Court has not yet ruled on the *ex parte* application, the Filing Party may serve its papers upon opposing counsel and file a Notice of Service of the papers with the Court, which shall commence the briefing schedule for the filed papers.  The briefing schedule shall not be delayed because the Court has not ruled on the ex parte application to file documents or information under seal.

C.    If the Court orders the documents filed under seal, then the Filing Party shall file or submit the documents in accordance with Central District Local Rule 79-5.

9.    Final Disposition of Confidential Materials.  Upon conclusion of this action, including the completion or running of time for all appeals, all originals or reproductions of any Confidential Materials produced by a party (excluding documents which have been filed with the Court or contain notations of counsel or person(s) in counsel's employ, which will be destroyed) shall, at the request of the designating party, either be returned to the designating party or be destroyed at designating party's option and at the designating party's expense.  Counsel for the party so authorized to destroy a document shall certify in writing within thirty (30) days that such destruction has taken place.  Insofar as the provisions of this Order restrict the use of the Confidential Materials procured hereunder, such restriction shall continue to be binding after the conclusion of this case.

10.    Enforcement.  This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

11.    Inadvertent Disclosure.  If any Confidential Material is inadvertently disclosed without being properly designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," the designating party may notify each receiving party that such information should be so designated provided

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

1   that the designating party gives such notice in writing promptly after becoming

2   aware that the information to be designated was not properly designated.  Such

3   written notice shall identify with specificity the material the designating party is

4   designating.  If the designating party gives such written notice, its claims that the

5   material is "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS EYES

6   ONLY" shall not be deemed to have been waived by its failure to properly

7   designate it prior to disclosure.  Upon receipt of written notice as provided for

8   herein, the receiving party shall use its best efforts to ensure that the material then

9   designated is thereafter restricted to only those persons entitled to receive it

10  according to its designation as set forth herein.  However, no receiving party shall

11  have any liability to the designating party for any good faith use of the Confidential

12  Materials prior to receiving notice from the designating party of its claim of

13  confidentiality and inadvertent disclosure.

14         The receiving party shall have five (5) business days following receipt of the

15  notice that documents were inadvertently produced without a "CONFIDENTIAL"

16  or "CONFIDENTIAL: ATTORNEYS EYES ONLY" designation to serve a written

17  objection challenging the designation.  The parties shall then confer in good faith as

18  to whether such documents or materials are protected from disclosure.  If the parties

19  are unable to reach agreement, within twenty (20) days after an impasse is reached,

20  the party claiming that such documents or materials are protected from disclosure

21  may file a motion for an appropriate order from the Court.  At all times, the party

22  claiming that the documents or materials are protected from disclosure shall have

23  the burden of establishing such claim.  In the meantime, the documents or materials

24  in dispute shall be treated as if they were protected from disclosure until the issue is

25  resolved by the Court.  If the Court finds that the documents or materials

26  inadvertently produced were protected from disclosure, all copies of the documents

27  or materials at issue shall be returned to the disclosing party or destroyed.

28

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

12.     <u>Duty to Reveal Disclosures</u>.  If Confidential Material is disclosed to any persons other than in the manner authorized by this Order, the person or party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, and without prejudice to other rights and remedies of any party, make every effort to prevent further disclosure by it or by the person or persons who received such information.

13.     <u>Limitations</u>.

(a)     Nothing in this Order shall prevent disclosure beyond the terms of this Order if the designating party consents in writing to such disclosure.

(b)     Nothing in this Order shall prejudice the right of any party to object to the production of documents it considers not subject to discovery on any grounds, including the ground that such information is irrelevant.

(c)     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or doing anything necessary to prosecute or defend this case and furthering the interests of his or her client; provided that, absent stipulation or leave of Court, the attorney shall not disclose any "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" information (or information derived directly therefrom) produced or exchanged by any party herein where disclosure would be contrary to the terms of this Order.

(d)     Nothing in this Order shall prohibit a party from seeking or receiving further protection of Confidential Material by stipulation, by application to the Court upon notice, or upon other Order of the Court, or from seeking other or additional orders.  Moreover, the parties recognize and acknowledge that the nature of this action and the nature of some of the Confidential Material which may be sought is so highly sensitive that a party may believe that the risk of disclosure outweighs the relevance and need for the information in this litigation.  In such an event, this Order shall not be deemed a consent or an admission that such

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

1   information should be disclosed, and such party may resist disclosure of such

2   information until the matter has been heard by the Court.

3          (e)     Nothing in this Order shall be construed to prohibit a designating party

4   from seeking relief from an inadvertent and/or intentional disclosure of

5   Confidential Material.

6          (f)     Nothing in this Order shall abrogate or diminish any contractual,

7   statutory or other legal obligation or right of any party or person with respect to the

8   Confidential Material, nor shall such contractual, statutory or legal obligation

9   prevent a party seeking disclosure of such material from applying to the Court for

10   an order compelling its discovery.

11          (g)     Nothing in this Order shall preclude any party from applying to

12   the Court for any modification of the Order or for any other or further relief, nor

13   shall anything in this Order preclude any party from making any claim of privilege

14   as to any information requested by another party.

15          (h)     Nothing in this order shall be construed to limit the ability of a

16   party receiving designated materials to seek redesignation of improperly designated

17   materials.

18          14.    <u>Binding Nature</u>.  This Order shall be binding upon all of the parties

19   hereto, and their respective officers, directors, employees, counsel, agents,

20   successors and assigns.

21          15.    <u>Modification</u>.  This Order may be modified by written stipulation

22   signed by all parties or their respective counsel, subject to the Court's final, written

23   approval.

24          / / /

25          / / /

26          / / /

27          / / /

28          / / /

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

16.   <u>Survival of Terms</u>.  The terms of this Order may survive and remain in full force and effect after the termination of this proceeding, and the Court shall retain jurisdiction over the parties, their counsel and all other persons to whom discovery materials have been disclosed for the purpose of enforcing the terms of this Order and/or redressing any violation thereof.

**IT IS SO ORDERED.**

DATED:  April 20, 2009                         /s/ Arthur Nakazato

_____
HON. ARTHUR NAKAZATO
United States Magistrate Judge

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

1

<u>APPENDIX A</u>

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

EASTWOOD INSURANCE

Case No. SACV08-00788 CJC (ANx)

5

SERVICES, INC., a California
Corporation, EASTWOOD

6

INSURANCE AGENCY OF

**ACKNOWLEDGEMENT BY
CONSULTANT RE STIPULATED**

TEXAS, INC., a Texas

**ORDER GOVERNING THE**

7

Corporation, EASTWOOD

**DESIGNATION AND HANDLING OF**

INSURANCE AGENCY OF

**CONFIDENTIAL MATERIALS**

8

NEVADA, INC., a Nevada
Corporation, EASTWOOD

9

INSURANCE AGENCY OF
FLORIDA, INC., a Florida

10

Corporation; and EASTWOOD
INSURANCE AGENCY of

11

ARIZONA, INC., an Arizona
Corporation,

12

                    Plaintiffs,

13

          v.

14

TITAN AUTO INSURANCE OF

15

NEW MEXICO, INC., a New
Mexico Corporation, THI

16

HOLDINGS, INC., a Delaware
Corporation, and DOES 1-10

17

inclusive,

18

                    Defendants.

19

20

ACKNOWLEDGMENT BY CONSULTANT OF READING OF

21

ANDAGREEMENT TO BE BOUND BY STIPULATED ORDER GOVERNING

22

THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

23

          My full name is

24

_____.

25

          My address is

26

_____.

27

          My present employer is

28

_____.

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

My present occupation or job is _____

_____.

My prior employment or past or present affiliates with either party to this action have been

_____

_____

_____.

I also serve as employee, agent, officer or director of the following entities:

_____

_____

_____

_____.

I have received a copy of the Stipulated Order Governing the Designation and Handling of Confidential Materials (the "Order") in this action.  I have carefully read and understand the provisions of the Order.  I will comply with all of the provisions of the Order.

I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use Confidential Material disclosed to me only for purposes of this action.

I will return all Confidential Material which comes into my possessions, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Order in this action.

Dated: _____

_____
Signature

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS

1

<u>APPENDIX B</u>

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

EASTWOOD INSURANCE

Case No. SACV08-00788 CJC (ANx)

5

SERVICES, INC., a California
Corporation, EASTWOOD

**EMPLOYEE ACKNOWLEDGEMENT
BY CONSULTANT RE STIPULATED**

6

INSURANCE AGENCY OF
TEXAS, INC., a Texas

**ORDER GOVERNING THE
DESIGNATION AND HANDLING OF**

7

Corporation, EASTWOOD
INSURANCE AGENCY OF

**CONFIDENTIAL MATERIALS**

8

NEVADA, INC., a Nevada
Corporation, EASTWOOD

9

INSURANCE AGENCY OF
FLORIDA, INC., a Florida

10

Corporation; and EASTWOOD
INSURANCE AGENCY of

11

ARIZONA, INC., an Arizona
Corporation,

12

        Plaintiffs,

13

    v.

14

TITAN AUTO INSURANCE OF

15

NEW MEXICO, INC., a New
Mexico Corporation, THI

16

HOLDINGS, INC., a Delaware
Corporation, and DOES 1-10

17

inclusive,

18

        Defendants.

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GOV. DES. AND
HAND. OF CONF. MATERIALS

ACKNOWLEDGMENT BY EMPLOYEE OF READING OF AND

AGREEMENT TO BE BOUND BY STIPULATED ORDER GOVERNING THE

DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

My full name is_____.

My address is _____

_____

_____.

I am an employee of or affiliated with the following party in this

action:_____.

I have received a copy of the Stipulated Order Governing the Designation
and Handling of Confidential Materials (the "Order") in this action, which I have
carefully read and understand.  I will comply with all of the provisions of the Order.
I will hold in confidence, will not disclose to anyone not qualified under the Order,
and will use Confidential Material disclosed to me only for purposes of this action.
I will return all Confidential Material which comes into my possession, and
documents or things which I have prepared relating thereto, to counsel for the party
by whom I am employed or retained.  I hereby submit to the jurisdiction of the
Court for the purposes of enforcement of the Order.

Dated: _____

_____
Signature

[PROPOSED] ORDER GOV. DES.  AND
HAND. OF CONF.  MATERIALS